KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
ANNA PORTO - # 319903
aporto@keker.com
NICHOLAS GREEN - # 323959
ngreen@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
WESTERN DIGITAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN RIORDAN, ASHLEY LAURENT, JEREMY BOBO, NAGUI SORIAL, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION,<br><br>Defendant. | Case No. 5:21-cv-06074-SVK<br><br>**DEFENDANT WESTERN DIGITAL CORPORATION'S ADMINISTRATIVE MOTION TO ENLARGE TIME**<br><br>Ctrm:      6<br>Judge:    Hon. Susan van Keulen<br><br>Date Filed: August 6, 2021 |

Pursuant to Civil Local Rules 6-3 and 7-11, Defendant Western Digital Corporation ("Western Digital") respectfully asks the Court to enlarge its time to respond to the Complaint filed by Plaintiffs Kevin Riordan, Ashley Laurent, Jeremy Bobo, and Nagui Sorial by thirty days, or such further time as the Court deems appropriate.  Western Digital regrets the need to burden the Court with this motion, but sees no other option because Plaintiffs' counsel refused to stipulate to a reasonable extension without any reason other than "I'm not sure how it benefits my clients."  Since that time, Plaintiffs' counsel has refused to respond to multiple emails and phone calls asking to discuss the matter in an effort to avoid motion practice.  Plaintiffs' refusal to stipulate to a reasonable extension is not only discourteous, but it also violates Rule 4 of this Court's Guidelines for Professional Conduct.  Moreover, by refusing this common professional courtesy, Plaintiffs seek to significantly prejudice Western Digital by denying its just-retained counsel any time whatsoever to evaluate the Complaint and prepare an appropriate response.

I.   BACKGROUND

On August 6, 2021, Plaintiffs filed their Complaint against Western Digital.  *See* Dkt. No. 1.  Plaintiffs served Western Digital on August 17, 2021 but have not filed a proof of service on the docket.  Western Digital's deadline to respond to the Complaint was September 7, 2021.  On September 7, 2021, in-house counsel at Western Digital emailed counsel for Plaintiffs requesting an extension of time to respond to the Complaint while Western Digital finalized its retention of outside counsel.  *See* Declaration of Erin E. Meyer ("Meyer Decl."), Ex. A.  Plaintiffs' counsel did not respond to that email.

Later in the day on September 7, 2021, Western Digital retained undersigned counsel to represent it in this matter.  Undersigned counsel immediately sought to contact counsel for Plaintiffs to discuss the case and request the routine courtesy of a thirty-day extension of time to respond to the Complaint.  Meyer Decl. ¶ 7.  Efforts to contact Plaintiffs' counsel were hindered by errors in the contact information listed on the docket.  In particular, the email addresses listed as the current addresses in Plaintiffs' "Amended Notice of Change of Law Firm Name" were incorrect and resulted in bounce-backs.  *See* Dkt. No. 7; *see also* Meyer Decl. ¶ 7 & Ex. B.  Undersigned counsel also attempted to contact Plaintiffs' counsel at the phone numbers listed on

the docket and on their ECF profiles but received no response. In the case of attorney Laura Van Note, the phone number listed in the ECF profile is in fact the phone number for a restaurant. Meyer Decl. ¶ 8.

Eventually, counsel for Western Digital was able to locate correct email addresses for Plaintiffs' counsel, and immediately sent an email requesting a thirty-day extension of time to respond to the Complaint. Plaintiffs' counsel responded that "[a] 30-day extension seems excessive ***unless you intend to file a motion to dismiss and, if that's the case, I'm not sure how it benefits my clients to agree to that***." Meyer Decl., Ex. B (emphasis added). Plaintiffs' counsel did offer to speak about the matter over the phone, so Western Digital promptly requested a call anytime that Plaintiffs' counsel was available. Now nearly a full day later, Plaintiffs have not responded to that email. Additionally, Western Digital's counsel followed up via email today to all Plaintiffs' counsel, and placed multiple phone calls to Plaintiffs' counsel. All of those messages have been ignored as of the time of this filing. *Id.* ¶¶ 10-13.

## II.   ARGUMENT

Western Digital makes this request for extension of time in order to permit newly retained outside counsel to review the Complaint and allegations therein, and to conduct a reasonable investigation into the facts of this case in order to determine how to appropriately respond to the Complaint. Western Digital has not made any previous requests for extensions of time in this matter, and a modest thirty-day extension will not impact any deadlines currently set in the case.

Plaintiffs' refusal to agree to an extension violates Rule 4 of this Court's Guidelines for Professional Conduct, which provide that:

- "A lawyer should agree to reasonable requests for extensions of time or continuances without requiring motions or other formalities," especially "as a matter of courtesy to first requests for reasonable extensions of time"; and
- "By agreeing to extensions, a lawyer should not seek to cut off an opponent's substantive rights, such as his or her right to move against a complaint."

*See* https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/.

Without an extension, Western Digital will be prejudiced because its just-retained counsel requires time to evaluate the claims set forth in the Complaint and determine the appropriate manner in which to respond. Plaintiffs will suffer no prejudice due to the requested extension. No case schedule has been set and so an extension will not affect any other existing Court deadline or the case schedule. *See* Meyer Decl. ¶¶ 4-5. Given the lack of prejudice or any effect on the case schedule, it is unclear why Plaintiffs have refused to stipulate to a reasonable extension of time.

For the reasons set forth above, Western Digital respectfully requests that the Court extend its time to respond to the Complaint by at least thirty days, to and including October 7, 2021.

Dated: September 8, 2021

KEKER, VAN NEST & PETERS LLP

By: *s/ Erin E. Meyer*
STEVEN P. RAGLAND
ERIN E. MEYER
ANNA PORTO
NICHOLAS GREEN

Attorneys for Defendant
WESTERN DIGITAL CORPORATION