COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN RIORDAN, ASHLEY LAURENT, JEREMY BOBO, NAGUI SORIAL, individually, and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>WESTERN DIGITAL CORPORATION,<br><br>     Defendant. | **Case No. 5:21-CV-06074-EJD**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

1. <u>PURPOSES AND LIMITATION</u>.

  The Court recognizes that the disclosures and discovery activity in this action require confidentiality protections. The Parties have agreed to be bound by the terms of this Protective Order in this action. The materials to be exchanged throughout the course of the litigation between the Parties, and produced by Non-Parties, may involve production of confidential, trade secret, proprietary, or private information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, as is contemplated by Federal Rules of Civil Procedure, Rule 26(c). Moreover, the information likely to be the subject of the disclosure and discovery activity in this action may involve unique risks related to privacy, trade

secrets, product research, development, design, and hardware and software updates. It may also contain Plaintiffs' or other parties' confidential, protected information.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

2. <u>DEFINITIONS</u>

2.1.    "<u>Challenging Party</u>" will mean a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    "<u>CONFIDENTIAL" Information/Items</u> will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential by any Party to which it belongs and that qualifies for protection under Federal Rules of Civil Procedure, Rule 26(c). Specifically, "Confidential Information" means information:

(a)    that may reveal confidential research, d e s i g n, development, financial information, schematics, plans and diagrams;

(b)    that may reveal information that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain value from its disclosure or use;

(c)    that contains information that reveals personally identifiable information, as defined below, or personal or private financial information (collectively "Sensitive Information");

(d)    the disclosure of which is reasonably likely to result in unauthorized

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1750190

access of Sensitive Information; or

(e)     any other material that is confidential pursuant to applicable law.

2.3.   "Consumer(s)" will mean the named Plaintiffs as well as all individuals categorically identified as putative class members in the operative Complaint in this litigation, and each of them.

2.4.   "Counsel" will mean outside counsel of record, including attorneys,  paralegals, secretaries, and other support staff employed in the law firm(s) representing the Plaintiffs and counsel of record for Defendant Western Digital Corporation and their firms.

2.5.   "Designating Party" will mean a Party or Non-Party that designates  information or items that it produces in disclosures or in responses to discovery as   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6.   "Disclosure or Discovery Material" will mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.   "Expert" will mean Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past (since January 2010) or current employee of a Party, and (3) is not a past (since January 2015) or current employee of a Party's competitor.

2.8.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information means  "CONFIDENTIAL" information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less  restrictive means, including, but not limited to, highly sensitive and competitive  technical information and trade secret information. Such information would include  intellectual property such as formulas, practices, processes, designs, instruments, patterns, or compilations of information that have inherent economic value because they are not generally known to or readily ascertainable by the public, and which the owner has taken reasonable measures to keep secret. Such

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  information may include source code[1], hardware and software systems used in product design,

2  design specifications and schematics.  Such information would further include Consumers'

3  information stored on/within the Products (as defined herein)--regardless of the format, type, or

4  file creation date of the information-- that is deemed highly personal and/or of commercial value

5  to Consumers as a result of, without limitation, its nature and/or it not being generally known or

6  readily ascertainable by others. Such information may also include intellectual property such as

7  that described herein as subject to the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8  ONLY designation.  For the avoidance of doubt, such information shall not include Consumers'

9  basic identifying information, including, for example, names and email addresses.

10    2.9.    "House Counsel" will mean attorneys who are employees of a Party.  House

11  Counsel does not include Outside Counsel of Record or any other outside  counsel.

12    2.10.    "Material(s)" will include, but is/are not to be limited to:  documents,

13  correspondence, memoranda, bulletins, blueprints, diagrams, specifications, schematics, source

14  code, customer lists or other material that identify customers or potential customers, price  lists or

15  schedules or other matter identifying pricing, minutes, telegrams, letters,  electronic mail and

16  attachments, statements, cancelled checks, contracts, invoices,  drafts, books of account,

17  worksheets, notes of conversations, desk diaries, appointment books, expense accounts,

18  recordings, photographs, motion pictures,  compilations from which information can be obtained

19  and translated into reasonably  usable form through detection devices, sketches, drawings, notes

20  (including  laboratory notebooks and records), reports, instructions, disclosures, other writings,

21  models and prototypes and other physical objects.

22    2.11.    "Non-Party" will mean any natural person, partnership, corporation,  association,

23  or other legal entity not named as a Party to this action.

24    2.12.    "Outside Counsel of Record" will mean attorneys who are not  employees of a Party

25  but are retained to represent or advise a Party and have  appeared in this action on behalf of that

26

27  [1] The Parties do not anticipate that it will be necessary to produce significant amounts of source
   code in this matter.  If that changes, the Parties agree to propose an amendment to this Stipulated
28  Protective Order to include specific procedures for producing, reviewing, and protecting source
   code.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:21-CV-06074-EJD

1750190

1  Party or are affiliated with a law firm which  has appeared on behalf of that Party, and includes
2  support staff.

3      2.13.   "<u>Party</u>" will mean any party to this action, including all of its officers,  directors,
4  employees, consultants, retained Experts, and Outside Counsel of Record  (and their support
5  staffs).

6      2.14.   "<u>Producing Party</u>" will mean a Party or Non-Party that produces  Disclosure or
7  Discovery Material in this action.

8      2.15.   The "<u>Products</u>" will mean the hardware products/systems manufactured and/or
9  distributed by Defendant and identified by name and/or other product designation in the operative
10  Complaint in this litigation.

11      2.16.   "<u>Professional Vendors</u>" will mean persons or entities that provide litigation support
12  services (e.g., document and ESI processing, hosting, review, and  production, photocopying,
13  videotaping, translating, preparing exhibits or  demonstrations, e-discovery consulting, and
14  organizing, storing, or retrieving data in  any form or medium) and their employees and
15  subcontractors.

16      2.17.   "<u>Protected Material</u>" will mean any Disclosure or Discovery Material  that is
17  designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
18  ONLY".

19      2.18.   "<u>Receiving Party</u>" will mean a Party that receives Disclosure or Discovery Material
20  from a Producing Party.

21  3.  <u>SCOPE</u>

22      3.1.    The protections conferred by this Order cover not only Protected  Material (as
23  defined above), but also (1) any information copied or extracted from  Protected Material, (2) all
24  hard and electronic copies, excerpts, derivations,  summaries, or compilations of Protected
25  Material, and (3) any testimony,  conversations, or presentations by Parties or their Counsel that
26  might reveal  Protected Material. However, the protections conferred by this Order do not cover
27  the following information: (a) any information that is in the public domain at the  time of disclosure
28  to a Receiving Party, excluding any information that came into  the public domain as a result of a

COLE & VAN NOTE<br>ATTORNEYS AT LAW<br>555 12TH STREET, SUITE 1725<br>OAKLAND, CA 94607<br>TEL: (510) 891-9800

1750190

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

violation of law or of this Order, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise, excluding any information that came into the public domain as a result of a violation of law or of this Order, and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.2.    Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection.

(a)    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order;

(b)    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

1  purpose (e.g., to unnecessarily encumber or retard the case development process or to impose

2  unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

3         (c)     If it comes to a Designating Party's attention that information or items that

4  it designated for protection do not qualify for protection at all or do not qualify for the level of

5  protection initially asserted, that Designating Party must promptly notify all other Parties that it

6  is withdrawing the mistaken designation.

7       5.2.   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order,

8  or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

9  protection under this Order must be clearly so designated before the Material is disclosed or

10  produced. Designation in conformity with this Order requires:

11         (a)    <u>Documents</u>. For information in documentary form (e.g., paper or electronic

12  documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

13  Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

14  ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or

15  portions of the material on a page qualifies for protection, the Producing Party also must clearly

16  identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

17  specify, for each portion, the level of protection being asserted. A Party or Non-Party that makes

18  original documents or materials available for inspection need not designate them for protection

19  until after the inspecting Party has indicated which material it would like copied and produced.

20  During the inspection and before the designation, all of the material made available for inspection

21  shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

22  inspecting Party has identified the documents it wants copied and produced, the Producing Party

23  must determine which documents, or portions thereof, qualify for protection under this Order.

24  Then, before producing the specified documents, the Producing Party must affix the appropriate

25  legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY")

26  to each page that contains Protected Material. If only a portion or portions of the material on a

27  page qualifies for protection, the Producing Party also must clearly identify the protected

28  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1750190

1    portion, the level of protection being asserted.

2             (b)     <u>Deposition or other pretrial or trial proceeding testimony</u>. For testimony

3 given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on

4 the record, before the close of the deposition, hearing, or other proceeding, all protected testimony

5 and specify the level of protection being asserted. When it is impractical to identify separately

6 each portion of testimony that is entitled to protection and it appears that substantial portions of

7 the testimony may qualify for protection, the Designating Party may invoke on the record (before

8 the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify

9 the specific portions of the testimony as to which protection is sought and to specify the level of

10 protection being asserted. Only those portions of the testimony that are appropriately designated

11 for protection within the 21 days shall be covered by the provisions of this Order. Alternatively,

12 a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is

13 properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

14 CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Party shall give the other Parties notice if

15 it reasonably expects a deposition, hearing or other proceeding to include Protected Material so

16 that all Parties can ensure that only authorized individuals who have signed the "Acknowledgment

17 and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document

18 as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or

19 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Transcripts containing Protected

20 Material shall have an obvious legend on the title page that the transcript contains Protected

21 Material, and the title page shall be followed by a list of all pages (including line numbers as

22 appropriate) that have been designated as Protected Material and the level of protection being

23 asserted by the Designating Party. The Designating Party shall inform the court reporter of these

24 requirements. Any transcript that is prepared before the expiration of a 21-day period for

25 designation shall be treated during that period as if it had been designated "HIGHLY

26 CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After

27 the expiration of that period, the transcript shall be treated only as actually designated.

28             (c)     <u>Non-documentary evidence/other tangible items</u>. For information

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1750190

produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Case 5:21-cv-06074-EJD Document 27-1 Filed 01/07/22 Page 10 of 21

for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with any other applicable local rule) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)     the author or recipient of a document containing the information or a

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1750190

1    custodian or other person who otherwise possessed or knew the information.

2        7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3    Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

4    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

5    CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

6        (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

7    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

8    information for this litigation and who have signed the "Acknowledgment and Agreement to Be

9    Bound" that is attached hereto as Exhibit A;

10       (b)    House Counsel of the Receiving Party to whom disclosure is reasonably

11   necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

12   Bound" (Exhibit A);

13       (c)    Experts of the Receiving Party (1) to whom disclosure is reasonably

14   necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

15   Bound" (Exhibit A), and (3) as to whom the procedures set forth herein, have been followed;

16       (d)    the Court and its personnel;

17       (e)    court reporters and their staff and Professional Vendors to whom

18   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

19   and Agreement to Be Bound" (Exhibit A); and

20       (f)    the author or recipient of a document containing the information or a

21   custodian or other person who otherwise possessed or knew the information.

22       7.4.    Procedures for Approving or Objecting to Disclosure of "HIGHLY

23   CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Experts.

24       (a)    Unless otherwise ordered by the Court or agreed to in writing by the

25   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

26   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

27   EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating

28   Party that identifies (1) the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS'

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-12-

1750190

EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert (2) the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's resume (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,  and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the Expert unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

LITIGATION

8.1.   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2.   If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

9.1.   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2.   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

2          (a)     promptly notify in writing the Requesting Party and the Non-Party that

3  some or all of the information requested is subject to a confidentiality agreement with a Non-

4  Party;

5          (b)     promptly provide the Non-Party with a copy of this Order in this litigation,

6  the relevant discovery request(s), and a reasonably specific description of the information

7  requested; and

8          (c)     make the information requested available for inspection by the Non-Party.

9      9.3.    If the Non-Party fails to object or seek a protective order from this Court within

10  14 days of receiving the notice and accompanying information, the Receiving Party may produce

11  the Non-Party's confidential information responsive to the discovery request. If the Non-Party

12  timely seeks a protective order, the Receiving Party shall not produce any information in its

13  possession or control that is subject to the confidentiality agreement with the Non-Party before a

14  determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the

15  burden and expense of seeking protection in this Court of its Protected Material.

16      10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

17      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

18  Material to any person or in any circumstance not authorized under this Order, the Receiving

19  Party must immediately (a) notify in writing the Designating Party of the unauthorized

20  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

21  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

22  this Order, and (d) request such person or persons to execute the "Acknowledgment and

23  Agreement to Be Bound" that is attached hereto as Exhibit A.

24      11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

25      <u>MATERIAL</u>

26      11.1.  When a Producing Party gives notice to Receiving Parties that certain

27  inadvertently produced material is subject to a claim of privilege or other protection, the

28  obligations of the Receiving Parties are those set forth in Federal Rules of Civil Procedure, Rule

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1750190

1    26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in

2    an e-discovery order that provides for production without prior privilege review.

3        11.2.    Pursuant to Federal Rules of Evidence, Rules 502(d) and (e), insofar as the Parties

4    reach an agreement on the effect of disclosure of a communication or information covered by the

5    attorney-client privilege or work product protection, the Parties may incorporate their agreement

6    in the stipulated protective order submitted to the Court.

7       12. <u>MISCELLANEOUS</u>

8        12.1.   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

9    seek its modification by the Court in the future.

10       12.2.   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party

11   waives any right it otherwise would have to object to disclosing or producing any information or

12   item on any ground not addressed in this Order. Similarly, no Party waives any right to object on

13   any ground to use in evidence of any of the material covered by this Order.

14       12.3.   <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable

15   laws and regulations relating to the export of technical data contained in such Protected Material,

16   including the release of such technical data to foreign persons or nationals in the United States or

17   elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

18   data, and the Receiving Party shall take measures necessary to ensure compliance.

19       12.4.   <u>Filing Protected Material</u>. Without written permission from the Designating Party

20   or a court order secured after appropriate notice to all interested persons, a Party may not file in

21   the public record in this action any Protected Material. A Party that seeks to file under seal any

22   Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

23   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

24   issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

25   that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled

26   to protection under the law. If a Receiving Party's request to file Protected Material under seal

27   pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the

28   Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-16-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:21-CV-06074-EJD

1750190

instructed by the Court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or securely destroy or delete such material with a written certification of such secure destruction or deletion of Protected Material. As used in this subdivision, "all Protected Material" includes all hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed or deleted, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed or deleted and (2) affirms that the Receiving Party has not retained any hard and electronic copies, abstracts, derivations, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1750190

**IT IS SO STIPULATED, BY AND BETWEEN COUNSEL OF RECORD.**

Dated: January 7, 2022                **COLE & VAN NOTE**

By:   */s/ Scott Edward Cole*
Scott Edward Cole, Esq.
Attorneys for Representative Plaintiffs

Dated: January 6, 2022                **KEKER, VAN NEST & PETERS LLP**

By:   */s/ Erin E. Meyer*
STEVEN P. RAGLAND
ERIN E. MEYER
ANNA PORTO
NICHOLAS GREEN

Attorneys for Defendant
WESTERN DIGITAL CORPORATION

**IT IS SO ORDERED.**

Date: _____                _____
                                           United States District Judge

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-18-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:21-CV-06074-EJD

1750190

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety  and understand the Stipulated Protective Order ("Order") that was issued by the  United States District Court for the Northern District of California on [date] in the  case of *Kevin Riordan, et al. vs. Western Digital Corporation*, Case No. 5:21-CV-06074-SVK.

I agree to comply with and to be bound by all the terms of the Order and I  understand and acknowledge that failure to so comply could expose me to sanctions  and punishment in the nature of contempt. I solemnly promise that I will not  disclose in any manner any information or item that is subject to the Order to any  person or entity except in strict compliance with the provisions of the Order.

I will access and review Protected Material that may be provided to me solely  for the purpose of my role in assisting with prosecuting, defending, or attempting to  settle this litigation or to comply with judicial process or any applicable statute or  regulation and for no other purpose whatsoever. I further agree not to disclose any  Protected Material except as allowed by the terms of the Order. I will only make  such copies of or notes concerning the Protected Material as are necessary to assist  with prosecuting, defending, or attempting to settle this litigation or to comply with  judicial process or any applicable statute or regulation in connection with this action. Upon final determination of this action, I shall promptly and securely destroy  or delete all Protected Material provided to me as well as any hard and electronic  copies, abstracts, derivations, compilations, summaries, and any other format  reproducing or capturing any of the Protected Material. I understand that my obligations pertaining to the Protected Material continue event after the conclusion  of the action.

By executing this Acknowledgement and Agreement to be Bound, I agree that  I will only use or disclose any Confidential Information in connection with  this case for prosecuting, defending, or attempting to settle this litigation or to  comply with judicial process or any applicable statute or regulation. I also agree that  I will develop, implement, maintain, and use appropriate

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:21-CV-06074-EJD

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1750190

administrative, technical  and physical safeguards to preserve the privacy, integrity, and confidentiality of any  Confidential Information, and to prevent non-permitted use or  disclosure of any Confidential Information I receive from any  person in connection with this case.

I further agree to submit to the jurisdiction of the United States District Court  for the Northern District of California for the purpose of enforcing the terms of the  Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State: _____

Printed name: _____

Signature: _____

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-20-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:21-CV-06074-EJD

1750190

**ECF CERTIFICATION**

Pursuant to Local Rule 5-1(i)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to the document.

Dated: January 7, 2022

/s/ *Scott Edward Cole*
Scott Edward Cole, Esq.

*Plaintiffs' Counsel*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-21-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:21-CV-06074-EJD

1750190