COLE & VAN NOTE
Scott Edward Cole, Esq. - #160744
sec@colevannote.com
Laura Grace Van Note, Esq. - #310160)
lvn@colevannote.com
555 12th Street, Suite 2100 Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030

Attorneys for Representative Plaintiffs
and the Plaintiff Classes

KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
SYDNEE J. ROBINSON - # 334523
srobinson@keker.com
REAGHAN E. BRAUN - # 340526
rbraun@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
WESTERN DIGITAL CORPORATION

GRANTED
Judge Edward J. Davila
November 7, 2024

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN RIORDAN, ASHLEY LAURENT, JEREMY BOBO, NAGUI SORIAL, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION,<br><br>Defendant. | Case No. 5:21-cv-06074-EJD<br><br>**JOINT MOTION FOR COURT ORDER DISMISSING PLAINTIFFS' COMPLAINT**<br><br>Judge:   Hon. Edward J. Davila<br>Ctrm:    4<br><br>Date Filed: August 6, 2021 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 17, 2024, at 9:00 a.m., Plaintiffs Kevin Riordan, Ashley Laurent, Jeremy Bobo and Nagui Sorial (collectively "Plaintiffs"), on the one hand, and Defendant Western Digital Corporation ("Western Digital" or "Defendant"), on the other, (collectively, "the Parties") will, and hereby do, move the Court, located at 280 South 1st Street, San Jose, California, for an order dismissing the individual claims of Plaintiffs' Complaint with prejudice and dismissing the putative class claims alleged on behalf of the putative class in Plaintiffs' Complaint without prejudice.

The Parties bring this motion under Rules 23(e) and 41(a)(2) of the Federal Rules of Civil Procedure. Plaintiffs have stipulated to voluntarily dismiss their individual claims and the putative class claims. This motion is based on the following Memorandum of Points and Authorities, on all pleadings and papers on file or to be filed in the above-entitled action, on the arguments of counsel, and on any other matters that may properly come before the Court for its consideration.

Dated: October 17, 2024

KEKER, VAN NEST & PETERS LLP

By: /s/ Steven P. Ragland

STEVEN P. RAGLAND
ERIN E. MEYER
SYDNEE J. ROBINSON
REAGHAN E. BRAUN

Attorneys for Defendant
WESTERN DIGITAL CORPORATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

All Plaintiffs wish to, and have agreed to, dismiss their claims asserted here and have entered into the contemporaneously-submitted stipulation with Western Digital to dismiss this case. Through that stipulation, the four individual plaintiffs—Kevin Riordan, Ashley Laurent, Jeremy Bobo, and Nagui Sorial—dismiss their individual claims with prejudice and dismiss putative claims they asserted without prejudice. This case is still in its early stages and there has been no litigation beyond adjudication of Western Digital's motions to dismiss and Western Digital's answer to the Second Amended Complaint on June 20, 2024, following the Court's dismissals with prejudice of all but one of Plaintiffs' claims. ECF Nos. 67, 69. The dismissals sought here will not harm absent putative class members for the reasons discussed below. The Parties, accordingly, jointly request that Plaintiffs' Complaint be dismissed in its entirety and submit this motion for a court order of dismissal pursuant to Rules 23(e) and 41(a)(2) of the Federal Rules of Civil Procedure.

I.  **BACKGROUND**

Western Digital is a global data storage brand whose tools allow customers to preserve digital content across a range of devices. In June 2021, Western Digital discovered that two of its discontinued, decade-old hard drive devices,[1] My Book Live and My Book Live Duo, had been attacked by third-party hackers. Western Digital promptly informed the public of the attack and offered affected users access to a trade-in program and a data recovery service. Plaintiffs have alleged that malicious actors accessed their storage devices through a vulnerability in the devices' firmware, which allowed them to execute a factory reset and remotely erase stored data. Shortly after Western Digital discovered and announced the hack, Plaintiffs filed suit on behalf of themselves and a putative nationwide class and putative California subclass. Plaintiffs allege that Western Digital knew that the My Book Live and My Book Live Duo devices would be vulnerable to an attack by malicious actors.

---

[1] Most of these devices were sold nearly a decade ago, and Western Digital has not supported My Book Live or My Book Live Duo since 2015.

The Parties litigated three motions to dismiss. Following the Court's June 5, 2024, Order granting dismissal of Counts I, III, and IV without leave to amend, Plaintiffs only remaining claim against Western Digital is for negligence/failure to warn. ECF No. 67. The Parties appeared for a status conference on July 18, 2024, and were ordered to submit a Joint Status Report or Dismissal by October 17, 2024. ECF No. 76. The Parties engaged in settlement negotiations and agreed upon terms to resolve the dispute. As such, Plaintiffs agree and request in the contemporaneously-filed stipulation to voluntarily dismiss their individual claims with prejudice and their putative class claims without prejudice.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Rule 41(a), a plaintiff has two avenues for voluntary dismissal: 1) without court order by filing a stipulation of dismissal executed by all appearing parties, or 2) via court order upon request "on terms that the court considers proper." Where class claims are alleged and a class has been certified or the settlement intends to certify a class for settlement, Rule 23(e) which requires specific procedures to voluntarily dismiss class action claims. *See* Fed. R. Civ. Proc. Rule 23(e)(1). Those procedures (regarding notice, a fairness hearing, etc.) do not apply where—as here—a dismissal or settlement is does not involve a certified class and/or there is no request to certify a class for settlement. Nevertheless, precedent in this District counsels the Parties and the Court to consider the factors articulated in *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989) (*Diaz*), to determine whether or not there is any need for notice of the proposed pre-certification dismissal to the putative class. No such notice is needed here.

The *Diaz* factors consider three perceived potential harms to the putative class of a pre-certification dismissal of class claims asserted in a case:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*See Albers v. Yarbrough World Sols., LLC*, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *2 (N.D. Cal. May 13, 2021) (citing *Diaz*, 876 F.2d at 1408).[2]

### III.    ARGUMENT

None of the *Diaz* factors require notice to the putative class here.  This action is appropriate for voluntary dismissal without pre-certification notice because: 1) there is likely no "class members' possible reliance" on the filing of these putative class claims, because there has been minimal publicity of this case; 2) there has been no "lack of adequate time" for putative class members to file other actions, because of a "rapidly approaching statute of limitations"; and, 3) there is no "settlement or concession for class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408.

**A.    There is no prejudice to absent purported class members based on reliance on the filing of this action.**

In *Albers*, the Parties reached a settlement and requested dismissal of individual claims with prejudice and putative class claims without prejudice.  The Court held that notice to putative class members was not required because there was "no risk of prejudice" to absent purported class members based on the filing of the case.  The Court noted that: (1) "coverage of the case in the media" had been limited to "a few mentions on legal news and court docket aggregators such as www.law360.com," and plaintiff "has not identified a single absent class member," (2) absent putative class members "would not be time-barred by virtue of filing a dismissal without prejudice of the class claims" and the defendant was "still an operative entity," and (3) the settlement "only resolved Plaintiff's individual claims" because "the parties are only requesting

---

[2] Courts within the Ninth Circuit are split on whether they retain jurisdiction to require pre-certification notice in a putative class action settlement.  *See Dougan v. Centerplate, Inc.*, 706 F. Supp. 3d 1025, 1029-30 (S.D. Cal. 2023) ("The legislative history of the 2003 amendment to Rule 23(e) is inconsistent with the [*Diaz*] approach . . . After public comment, . . . , the drafters [concluded] that 'reliance by absent class members seldom occurs, if indeed it ever occurs' and that '[a] court cannot effectively coerce continued litigation when all parties have agreed not to litigate further.'  They therefore revised the proposed rule to 'delete the requirement that the parties must win court approval for a precertification dismissal or settlement.'").

dismissal of the class claims without prejudice" and "no class claims are being conceded." *See Albers*, 2021 WL 1925520 at *2.

Here, there is no risk of prejudice and no notice is required for all the reasons articulated in *Albers*—and more. First, as of the date of this motion, a diligent search revealed no coverage of this case at all except a single law firm blog article dated June 22, 2024, whereas, in *Albers*, there were at least "a few mentions" on legal news. That blog post relayed this Court's decision to "dismiss the majority of claims" from the putative class action.[3] There has been no coverage in any major news sources of these proceedings. Second, Plaintiffs' counsel has not identified any absent class members and has stipulated to that fact in the accompanying stipulation. Third, the Parties seek dismissal with prejudice only of Plaintiffs' individual claims and dismissal of the asserted class claims without prejudice. Finally, as stated in the accompanying stipulation, no party has received any evidence that any putative class members have been relying on this action to vindicate their claims. As in *Albers*, dismissal without notice is appropriate because there has been no class member reliance on this putative class action filing and the dismissal sought will not prejudice absent purported class members.

**B.    There has been no "lack of adequate time" for putative class members to file other actions.**

This case was filed one month following the alleged incident that gives rise to the claims. As noted above, there has been no media coverage of the case and no absent purported class members have come forward or been identified. And, as in *Albers*, absent putative class members "would not be time-barred by virtue of filing a dismissal without prejudice of the class claims." Therefore, dismissal without notice is appropriate here.

**C.    There is no "settlement or concession for class interests made by the class representative or counsel in order to further their own interests."**

Here, the Parties seek dismissal with prejudice only of Plaintiffs' individual claims. There

---

[3] Devon Schulz, *Multiple Claims Dismissed from Putative Class Action Involving Cyber Attack on Data Storage Devices*, Covington & Burling, June 20, 2024 (available at: https://www.insideclassactions.com/2024/06/20/multiple-claims-dismissed-from-putative-class-action-involving-cyber-attack-on-data-storage-devices/) (last accessed Sept. 20, 2024).

is no effort to settle or concede the purported class claims and no impairment of the interests of absent purported class members through the dismissal sought here.  As in *Albers*, the parties are requesting dismissal with prejudice of the individual plaintiffs' claims, "leaving putative class members free to pursue a new class action." *Albers*, 2021 WL 1925520 at *2.  Therefore, "no class interests are being conceded." *Id*.

## IV. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court dismiss Plaintiffs' individual claims with prejudice and Plaintiffs' putative class claims without prejudice.

Dated:  October 17, 2024

COLE & VAN NOTE

By: */s/ Scott Edward Cole*
SCOTT EDWARD COLE
LAURA GRACE VAN NOTE

Attorneys for Representative Plaintiffs and the Plaintiff Classes

KEKER, VAN NEST & PETERS LLP

Dated:  October 17, 2024

By: 
STEVEN P. RAGLAND
ERIN E. MEYER
SYDNEE J. ROBINSON
REAGHAN E. BRAUN

Attorneys for Defendant
WESTERN DIGITAL CORPORATION